UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21705-CIV-KING/GARBER

OSVALDO A. IZQUIERDO COLON,
an individual, and d/b/a BEST DEAL
PERFORMANCE

       Plaintiff,

v.

JET PERFORMANCE PRODUCTS,
INC., a California corporation,

       Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The Defendant, JET PERFORMANCE, INC. ("JET"), by and through its undersigned counsel and pursuant to Local Rule 7.5 and Rule 56 of the Federal Rules of Civil Procedure, hereby files its <u>Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and Memorandum of Law in Support</u>, and as grounds therefore, states:

### PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED FACTS DOES NOT MEET HIS BURDEN TO SHOW A GENUINE ISSUE OF MATERIAL FACT BECAUSE A) IT IS NOT SUPPORTED BY SPECIFIC REFERENCES TO EVIDENCE IN THE RECORD, AND B) PLAINTIFF CANNOT RELY UPON HIS FAILURE TO CONDUCT DISCOVERY AND INABILITY TO PROVE HIS CLAIMS FACTUALLY TO AVOID SUMMARY JUDGMENT.

Southern District of Florida Local Rule 7.5(c) mandates that a statement of material facts in opposition to a motion for summary judgment shall be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the

Court. It further provides that unless controverted by the opposing party's statement, all material facts set forth in the movant's statement will be deemed admitted.

In his Response to Defendant's Undisputed Facts (DE 24), Plaintiff failed to support his five conclusory allegations with any specific references to pleadings, depositions, answers to interrogatories, admissions, or affidavits. Colon simply attached and referred generally to the entire deposition transcripts from his and Donnie Miller's ("Miller") depositions, leaving it up to the Court to determine which statements among several hundred pages of testimony support Colon's position. This is insufficient to defeat summary judgment.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the materials facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). *See also Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532 (2d Cir. 1993)(a non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible.") Colon's blanket assertions, intended to raise issues of material fact, are unsupported by the evidence and fail to conform to the mandates of the Local Rules or Rule 56(e). Thus, he fails to meet his burden in opposing the motion for summary judgment.

In addition to his failure to support facts he claims are disputed, Plaintiff attempts to excuse his inability to quantify his damages, a necessary element of his claims, based on the assertion that the discovery process is ongoing. (DE 24, ¶ 4). Initially, the fact that Plaintiff would need to rely upon discovery from others to establish how much money he lost in auction sales as a result of Defendant's alleged acts is patently absurd. The reason Plaintiff cannot quantify his damages has nothing to do with discovery. Rather, Plaintiff cannot quantify his

damages because, as he testified at deposition, he does not know what he paid for the JET products in his inventory, he does not know his profit margin on these items, and because prices fluctuate he has know way of knowing what they will sell for in the future. (Colon Tr. 48-49, 52-54, 94-95). The truth about Plaintiff's damages is that they are speculative and no amount of additional discovery will change that.

Plaintiff already received an extension of time in which to conduct additional discovery for the purpose of responding to JET's Motion for Summary Judgment. (See DE 22). Plaintiff filed this case on July 3, 2007. Plaintiff has had more than sufficient time to conduct discovery to establish the required elements of his claims. There is no further documentary evidence that Plaintiff already does not have that would create any disputed facts.

In an attempt to support his assertion that additional discovery is required, simultaneously with his Response in Opposition to the instant Motion, Plaintiff served his First Request to Produce to Defendant. (See Plaintiff's Request to Produce attached hereto as Exhibit "A", and Defendant's Response attached hereto as Exhibit "B"). Although Plaintiff could have served this discovery at any point during the last seven months since initiating this action, he chose to wait until now to serve his first demand for documents. In any event, as JET indicates in the attached response, all the relevant documents requested were previously produced by JET with its Rule 26 Initial Disclosures over five months ago. (See Exhibit "B").

Moreover, according to Plaintiff's own Rule 26(a) Disclosures, Plaintiff listed only himself and an eBay corporate representative are individuals likely to have discoverable information. (See Colon's R. 26 Disclosures, attached hereto as Exhibit "C"). At his deposition, Plaintiff testified that there are no other witnesses beyond those disclosed in his Rule 26 disclosures that support the allegations in his Complaint. (See Colon Tr. at 140, Ex. 2 to DE 19).

In fact, it wasn't until after receiving JET's Motion for Summary Judgment did the Plaintiff, for the first time in seven months since filing this action, request that a Jet Performance corporate representative be produced for deposition. This Court granted him an extension of time to depose Miller as well as conduct additional discovery to use in responding to JET's Motion for Summary Judgment. Plaintiff's failure to take full advantage of the discovery process cannot be used to avoid summary judgment. Moreover, there is no additional relevant information that can be discovered that would aid the Plaintiff in meeting his burden. Having failed to do so, a summary judgment should be entered.

## **PLAINTIFF MISSTATES BASIC INTELLECTUAL PROPERTY LAW.**

In opposing the Motion, Plaintiff repeatedly argues that JET has no valid trademark or copyright registrations, and therefore JET has no valid intellectual property rights for Miller to base a good faith belief that JET's intellectual property rights were being infringed. Plaintiff appears not to grasp elementary intellectual property law principles that 1) copyright protection begins at the moment a work is fixed in a tangible medium regardless of registration, and 2) trademark rights are established in a mark immediately upon the mark's legitimate use in commerce regardless of registration. These fundamental principles defeat Plaintiff's entire argument. JET's rights in the Copyrighted Text, Programmer Image and JET Logo arose when they were first written, photographed and used in commerce. Registration was and is completely unnecessary.

§ 102 of the Copyright Act of 1976, provides:

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

17 U.S.C. §102(a). Registration is not a prerequisite to copyright protection. For works of authorship created after 1977, copyright automatically inures in the work at the moment it is created without regard to whether it is ever registered. 2 *Nimmer on Copyright* § 7.16[A][i]. Registration is only necessary in the event the copyright owner brings an action for infringement. *See Montgomery v. Noga*, 168 F. 3d 1282, 1288 (11th Cir. 1999). Thus, JET's rights in its Copyrighted Text and Programmer Image began at the moment these works were first created, well before Plaintiff's auction listings containing infringing text and photographs were first posted.

Similarly, JET's trademark rights began on the date JET first used its marks in commerce, well before Plaintiff's auction listings with infringing JET logos and programmer images were posted on eBay. Actual use of trademarks, without more, establishes protectible trademark rights under common law. 1-3 *Gilson on Trademarks* § 3.02[2][i].

Section 43(a) of the Lanham Act, provides, in pertinent part:

> (a) **Any person who shall affix, apply, or annex, or use in connection with any goods** or services, or any container or containers for goods, **a false designation of origin, or any false description or representation, including words or other symbols** tending falsely to describe or represent the same, **and shall cause such goods or services to enter into commerce, . . . shall be liable to a civil action** by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or **by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.**

15 U.S.C. § 1125 (a) (emphasis added). "Under the Lanham Act, registration by itself does not enlarge a registrant's substantive rights in a mark. It does, however, confer procedural advantages which affect the burden of proof." *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 10 (5th Cir. 1974). *See also, Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("The use of an unregistered trademark

can constitute a violation of §1125 where...'the alleged unregistered trademarks used by the plaintiff are so associated with its goods that the use of the same or similar marks by another company constitutes a representation that its goods come from the same source.'")

Applying these basic principles here, Plaintiff's arguments in opposition to summary judgment based upon lack of registration vanish in the ether. Regardless of registration, JET had valid rights to its copyrights and trademarks and properly exercised those rights.

### JET'S SUBJECTIVE GOOD FAITH BELIEF THAT PLAINTIFF COMMITTED INFRINGEMENT IS SUFFICIENT TO ENTITLE IT TO SUMMARY JUDGMENT

Plaintiff concedes that the legal standard applicable to his claims under the DCMA is whether JET had a good faith belief that the Plaintiff was infringing at the time JET filed its Notice of Claimed Infringement ("NOCI") with eBay. (DE 23 at 3). Instead, Plaintiff appears to challenge to the factual basis for JET's good faith belief. Plaintiff maintains that JET, through its representative Miller, could not reasonably have formed a good faith belief that Colon's auctions were infringing because 1) Miller did not know if JET's intellectual property rights were registered, 2) Miller failed to seek legal guidance after reviewing Colon's auctions, and 3) Miller is untrained in the legal aspects of intellectual property law. (DE 23 at 3-4). However, whether Miller's belief was "reasonable" is irrelevant because the good faith standard under the DMCA is subjective not objective.

Whether or not Miller was objectively correct simply does not matter. *See Rossi v. Motion Picture Ass. of America*, 391 F. 3d 1000 (9th Cir. 2004). In *Rossi*, the Ninth Circuit examined the notice and take down provisions of the DMCA and its subjective good faith requirement. There, like here, the Plaintiff argued that the copyright owner is required to conduct an investigation into the alleged infringement before submitting a NOCI. The plaintiff asserted that if the defendant had done so, it would have realized that there was no infringement.

The Ninth Circuit rejected this argument as an improper attempt to impose an objective or "reasonable person" standard of review for gauging the reasonableness of conduct like JET's. Relying on interpretive case law and the statutory language of the notice and take down provision of the DMCA set forth in § 512(c), the Ninth Circuit concluded that the good faith belief requirement encompasses a purely subjective standard. *Id. See also Dudnikov v. MGA Entertainment, Inc.*, 410 F. Supp. 2d 1010, 1018 (D. Colo. 2005)(finding subjective good faith standard applies to claims under DCMA).

Plaintiff further attempts to cast metaphysical doubt, unsupported with evidence, that Miller's assertions and sworn testimony are perjured. Miller testified, in both his sworn affidavit and in his deposition testimony, that upon looking at Colon's auction he believed that "the image, the use of [JET's] logo, some text [Colon] was using," infringed JET's intellectual property rights. (Miller Tr. at 24). Miller also testified that Colon's auctions "contains a picture of our programmers which also contain our logos." *Id.* Miller explained that because of Colon's use of JET's text, logo, and programmer pictures, he believed Colon was trying to give the appearance that he is an authorized JET dealer. *Id.* at 6. Despite Miller's credible and unassailable good faith belief that Plaintiff's auctions infringed on JET's intellectual property rights, Colon argues Miller's reasoning is defective and his belief is unreasonable.

In order to succeed on his claim for misrepresentation of copyright, Plaintiff must demonstrate some actual knowledge of the misrepresentation on the part of the copyright owner. *Rossi*, 391 F. 3d at 1005. A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright acted unreasonably in making the mistake. *Dudnoikov*, 410 F. Supp. 2d at 1018 (the "training or lack of training [of the defendant's representative who submitted a notice of claimed infringement to eBay] has no bearing on the good faith showing

which [the defendant] established.") Plaintiff offers no evidence of any actual knowledge of a misrepresentation on the part of Miller. In fact, none exists.

Because the applicable standard is whether JET had a good faith belief that Plaintiff's auction listings infringed its rights, it is improper to consider, and has no bearing on the showing of good faith, whether Donnie Miller was trained in intellectual property law, or whether Miller conducted an investigation or inquiry of any sort prior to filing the NOCI. The fact that Miller did not contact an intellectual property lawyer is inconsequential. With no evidence of actual knowledge of misrepresentation presented by Colon, Miller's subjective good faith belief is determinative and dispositive to Plaintiff's claims.

## PLAINTIFF'S PREMPTED STATE LAW CLAIMS SHOULD BE DISMISSED DUE TO JET'S COMPLIANCE WITH FEDERAL LAW.

After arguing for five pages that JET is not entitled to copyright protection because its Copyrighted Text was not registered, the Plaintiff next argues that its state law claims are not preempted by the Copyright Act or the DMCA. In the process of making this argument, the Plaintiff concedes that the Programmer Image and Copyrighted Text are within the scope of copyright protection. Thus, while the Plaintiff argues against copyright protection on the one hand, he concedes copyright protection on the other.

In either case, his argument fails. Moreover, Plaintiff's reliance on *Online Policy Group v. Diebold*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) serves him no better. In *Diebold*, the court found that Plaintiff's tortious interference claims that arose out of the same facts as a DMCA claim, were preempted. *Diebold* noted that Congress "provides an express remedy [in 512(f)] for misuse of the DMCA's safe harbor provisions," and, accordingly, it granted summary judgment on Plaintiff's tortious interference claims based upon federal preemption. *Diebold*, 337 F. Supp. 2d 1206.

The *Diebold* Court reasoned that because a remedy is built into the statute, a similar state law remedy would provide double recovery and penalize an act authorized by federal law. As in *Diebold*, here Plaintiff's state law claims are preempted because they would provide Plaintiff a double recovery and would penalize JET for performance of an act authorized by federal law.

## CONCLUSION

For the foregoing reasons, this Court should enter a summary judgment dismissing the Plaintiff's Complaint against JET PERFORMANCE, with prejudice on all counts, and award such other relief as it deems just and proper.

Respectfully submitted,
SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Defendants
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:   (561) 416-0170
Facsimile:   (561) 416-0171

By:  /s/ Joel B. Rothman
   Joel B. Rothman
   Florida Bar No. 0098220
   jrothman@seidenlaw.com
   Misha J. Kerr
   Florida Bar. No.0039652
   mkerr@seidenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __19th__ day of February, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.

        SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Defendants
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:   (561) 416-0170
Facsimile:   (561) 416-0171

By:   /s/Joel B. Rothman
      Joel B. Rothman
      Florida Bar No. 0098220
      jrothman@seidenlaw.com
      Misha J. Kerr
      Florida Bar. No.0039652
      mkerr@seidenlaw.com

## SERVICE LIST
### OSVALDO A. IZQUIERDO COLON, an individual, and d/b/a BEST DEAL PERFORMANCE, Plaintiff, v. JET PERFORMANCE PRODUCTS, INC., a California corporation, Defendant
### CASE NO. 07-21705-CIV-KING/GARBER
### United States District Court, Southern District of Florida

David P. Reiner, II, Esquire
Florida Bar No. 416400
dpr@reinerslaw.com
Reiner & Reiner, P.A.
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156
Telephone: 305-670-8282
Facsimile: 305-670-8989
(Attorneys for Plaintiff)

C:\Documents and Settings\sbrown\Local Settings\Temp\MSJ (mjk).wpd